UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-21531-MORENO

CARL WOLF,

    Plaintiff,

vs.

PACIFIC NATIONAL BANK N.A.,
d/b/a Pacific National Bank,

    Defendant.
_____/

### PLAINTIFF'S BRIEF ON MOTION FOR ATTORNEY'S FEES PURSUANT TO RULE 41(d)

Plaintiff, CARL WOLF (hereinafter "Wolf" or "Plaintiff"), by and through the undersigned counsel, hereby files the above-referenced Pleading and states as follows:

1. The Court's initial inquiry in this matter should be whether Wolf dismissed the previous lawsuit in bad faith, or whether a fee award would deter vexatious litigation. PNB should not be awarded its fees because the record is utterly bereft of any allegation or facts showing that Wolf dismissed the previous lawsuit in bad faith, or that an award of fees would deter vexatious litigation. Wolf dismissed the state court action to join federal causes of action that could not have been brought in state court. Contrary to the representations of PNB, the state court's comments during the motion to dismiss hearing belie any implication that Wolf had any reason to forum shop.

2. PNB should not be entitled to fees in this case because all of the fees incurred by PNB at the lower court level are recyclable in this case. PNB has resurrected the same arguments that were raised in the state court proceeding and

rejected by the state court. PNB has sought to intentionally distort the facts of what has happened in this case in an effort to prevent, or delay as long as possible, Wolf's right to seek redress for the wrongs that were committed against him in violation of the statutes aimed at preventing Whistleblowing activities in financial institutions.

3. The arguments that PNB raised in state court were essentially identical to the arguments raised in this Court. PNB has recycled its previous motion to dismiss in this Court and now seeks to have Wolf pay its fees for that effort.

4. PNB should not be awarded any fees for responding to discovery requests because PNB objected to every one of Wolf's discovery requests (with the exception of the interrogatory asking for the name of person affirming the responses) and never provided a single document to Wolf; nor did PNB provide any useful information, other than to acknowledge in its first interrogatory response that Wolf, was indeed, employed by PNB.

5. There is no evidence of forum shopping in this case. Contrary to the assertions of PNB, the state court dismissed the complaint without prejudice merely because the Court wanted the complaint to contain more information.

6. Further, it would have been impossible to add the federal claims to this lawsuit and have it remain in state court. This is because both 12 U.S.C. § 1831j 31 U.S.C. § 5328 provide that a lawsuit brought under those statutes must be brought in federal court.

## MEMORANDUM OF LAW

### Course of proceedings in state court.

On October 29, 2008, Wolf filed a lawsuit in state court alleging violations of the Florida Whistleblower Act (FWA), Fla. Stat. § 448.102.[1] The Complaint was amended eight (8) days later. *Id.* On November 24, 2008, PNB filed a motion to

---

[1] The exhibits to Wolf's Motion will be filed in a separate filing.

dismiss the Amended Complaint. PNB requested that confidential information be redacted from the original Complaint based on 12 C.F.R. § 563.180. As a result, Wolf prepared and filed a motion to place the original complaint under seal. The parties entered into an agreed Order to place the original Complaint under seal. No hearing was held on the issue.

On February 9, 2009, the Court granted PNB's Motion to Dismiss the Amended Complaint with leave to amend after a hearing was held on the motion. No other hearings were held at the state court level.

Wolf then filed a Second Amended Complaint. The most significant difference between the Amended Complaint and the Second Amended Complaint is that there is a great deal more information about Andres Baquerizo's role in the management and operations of PNB. PNB filed another Motion to Dismiss, making essentially the same arguments as the first Motion to Dismiss. (Exs. A, B). PNB has recycled these same arguments in the Motion to Dismiss that is presently pending before this Court. *Id.*

On May 7, 2009, which was the same day that a hearing was to be held on the Motion, Wolf took a voluntary dismissal and re-filed in federal court under seal on May 15, 2009.

On May 20, 2009, this Court dismissed that complaint, stating that the Court had never given permission to Wolf to file the matter under seal. Wolf removed the confidential material and filed the instant matter on June 8, 2009.

### Rule 41

Rule 41's costs provisions was enacted to serve as a deterrent against the re-filing of vexatious suits or those voluntarily dismissed in bad faith. *See, e.g.*, *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (D. Ca. 1996). The cases granting Rule 41(d) motions have a recurring theme; the Plaintiff's actions were either improper, vexatious, simply reprehensible or a voluntary dismissal was taken after years of litigation in state court.[2] Absent proof of similar conduct in the instant action, the

---

[2] *See e.g., Stifrung v. Sumitomo Corporation*, 2001 WL 1602 118 (D.NY .2001) (wherein the Plaintiff admittedly dismissed the first action and re-filed in another

taxing of fees as costs is not appropriate. The undersigned has not come across any cases in any court that has awarded Rule 41 costs when a plaintiff has dismissed a state court action and then re-filed new federal claims over which the original court had no jurisdiction. PNB's filings in this case are bereft of any argument that Wolf acted in bad faith.

### There is no bad faith or vexatious conduct because Wolf has raised federal claims that could not have possibly been brought in state court.

In *Shaker Village Condo. Assoc., Inc. v. Certain Underwriters at Lloyd's*, 2009 WL 398750 (S.D. Fla. 2009), this Court held that an award of fees should be made only to deter vexatious litigation and where the plaintiff has re-filed the same previously dismissed suit in bad faith. This Court relied on *Wishenski v. Old Republic Ins. Co.,* 2006 WL 4764424 (M.D. Fla. 2006), when making such a finding. The *Wishenski*, court declined to award fees in that case because there was no vexatious or bad faith conduct. PNB does not assert that Wolf acted in bad faith; nor is there any evidence of bad faith.

There is no bad faith or vexatious conduct in this case, as there was none in *Wishenski*. In *Wishenski*, the plaintiff originally filed the case in Miami-Dade Circuit Court. Defendant removed the case to federal court and then filed its Answer and Affirmative defenses three (3) days later in Miami-Dade Circuit court. The docket sheet also shows that one of the parties propounded subpoenas and discovery requests in state court. The parties then agreed to voluntarily dismiss the matter in this Court. Plaintiff then re-filed the case in Lake County, Florida, and that case was removed to the Middle District. Thus, the plaintiff in *Wishenski*, filed an action in two state courts, was removed twice, and Defendant filed an Answer in one of the state court actions. One party propounded discovery in one of the case. The Middle District declined to award fees under these circumstances.

---

court so to avoid complying with the original court's orders); *See also, e.g., Shaker Village Condo. Assoc., Inc. v. Certain Underwriters at Lloyd's*, 2009 WL 398750 (S.D. Fla. 2009)(voluntary dismissal taken after two years of litigation, several motions were filed and non-binding arbitration was held).

Wolf took a voluntary dismissal the same day that a hearing was to be held on PNB's Motion to Dismiss Wolf's Second Amended Complaint and later added federal claims to this action. Wolf had no choice but to re-file in federal court in order to add the claims under federal law, 12 U.S.C. § 1831j and 31 U.S.C. § 5328. Those statutes state that the federal district courts have exclusive jurisdiction. [3] Wolf had no choice but to voluntarily dismiss the state court action and re-file in federal court.

PNB seems to indicate that the state court would have inevitably dismissed the instant lawsuit. In fact, the court's comments during a hearing on PNB's motion to dismiss belie such a viewpoint. Judge Manno Schurr made the following comments during the September 9, 2008 hearing on PNB's motion to dismiss:

> THE COURT: I'm ready to rule. I'm going to grant the Motion to Dismiss without prejudice and the reason is when I read the complaint, I'm not sure what the complaint is, what he's complaining about. I'm not sure what the activity is. I'm not clear on this conference room use and I am not clear on who the parties and the actors were here and what their relationship to the bank was. I don't know --
>
> MR. COSTALES: Baquerizo's relationship to the bank?
>
> THE COURT: I think you need to be clear. I will give you 20 days to amend it, but I will grant the motion without prejudice. And then we will see how it's granted. Plaintiff has 20 days to amend.

(Ex. C September 9, 2008 Hearing Tr. 39:12-25-40:1-2). The Court's comments belie any contention that Wolf had to forum shop and seek another Judge to decide this case. These are not the comments of a Judge anxious to dismiss a case. Wolf had no indication that he would receive any unfavorable treatment from the state court. Wolf voluntarily dismissed the state court case to add claims that could not be brought in state court and for no other reason.

The federal claims that were added are most appropriate to this case. Twelve U.S.C. § 1831j specifically deals with the type of Whistleblowing activity that is at

---

[3] Twelve U.S.C. § 1831j (b) states that any employee who has been discriminated against in violation of that statute "may file a civil action in the appropriate United States district court…"

issue in this case. There is a dearth of caselaw on this statute. Given the relatively obscure nature of this statute, and the fact that neither Plaintiff nor his counsel are experts in the area of the banking laws that might apply to such whistleblowing activities, Wolf's amendment to include this claim early in the litigation is understandable.

> **Any work performed by counsel for PNB in this case is based on previous work performed at the state court level. All fees incurred by PNB at the state court level are recyclable.**

PNB has made the same basic arguments in the motions to dismiss that were filed in state court as the one filed in this Court. [4] (Exs. A, B). Acting on the Judge's inquiry, Wolf amended the state court Complaint to include more information about Baquerizo's role in PNB and its relationship to the parent company. PNB then filed another motion to dismiss. That motion to dismiss is almost identical to the one filed in this Court. *The few unsanitized time records provided by PNB show that PNB incurred fees that will be of assistance to them in this litigation.* For instance, there is a March 24, 2009 entry for legal research on the Immigration Reform and Control Act (IRCA), which will undoubtedly be of use to PNB in this litigation.

Although the purpose of awarding costs pursuant to Rule 41(d) is to prevent bad faith litigation, courts do consider whether the fees expended by a defendant in an earlier dismissed lawsuit would be helpful to a later lawsuit, or whether those fees will be a wasted effort, when deciding whether to award all or part of a defendant's costs. In *Hisler v. Galludet Univ.*, 344 F. Supp. 2d 29 (D.C. 2004), the district court allowed the plaintiff to voluntarily dismiss her action more than two

---

[4] Those are, summarily: Wolf's claim for retaliation cannot be based on protestations regarding international law; the consent decree issued by the OCC is not a law, rule or regulation pursuant to the FWA; Wolf"s failed to state a claim regarding his complaint pertaining to the use of conference rooms; Baquerizo's directives to Wolf should not be considered an "activity, policy or practice" of an employer; Wolf's allegation that Baquerizo told him he could be replaced was too vague; PNB's failure to pay severance is not an adverse action.

(2) years after the close of discovery, but conditioned any re-filing on the payment of the costs of the previously dismissed action insofar as "the payment of costs for work and effort incurred in the first case ….would not be of use in the second." *Hisler*, 344 F. Supp. 2d at 39.

In *Trujillo v. Banco Central Del Ecuador,* 205 F.R.D. 648 (S.D. Fla. 2002), this Court denied fees to the defendant to the extent that the work performed by the defendant would be useful in litigation related to the claims that the plaintiff voluntarily dismissed. *Trujillo,* 205 F.R.D. at 654. The *Trujillo* court, noted that some of the work performed by the defendant in defense of a counterclaim would not be "wasted" because it could used in related litigation then pending outside of the country.

In *Esquivel v. Arau*, 913 F. Supp. 1382, 1392 (C.D. Ca. 1996), the court limited the fee award to fees that would not "contribute toward defendants' defense in the present case" where the plaintiff in that case had intentionally filed the case in the wrong district.

Courts have limited Rule 41 (d) fee awards when a defendant has raised arguments in a motion to dismiss that were similar to those previously raised in the dismissed action. For instance, in *Copeland v. Hussmann Corp.*, 462 F. Supp. 2d 1012 (E.D. Mo. 2006), the district court refused to award attorney's fees on a Rule 41(d) motion for fees associated with a previously filed motion to dismiss because it contained arguments similar to those used in the motion to dismiss pending before that court. *Copeland*, 462 F. Supp. 2d at 1024.

In this case, as in *Copeland*, PNB has used the same arguments it lodged in state court in its pending motion to dismiss. Should the court award fees in this matter, Wolf would essentially be financing the costs of the defense of this case and that would clearly be a windfall to PNB. PNB was not successful in its effort to have this case dismissed with prejudice at the state court level. Some of PNB's

arguments, such as the argument that Wolf was an at-will employee were clearly not meritorious arguments. [5]

PNB claims that it should recover its fees for responding to Wolf's discovery requests. Wolf propounded written discovery requests upon PNB. PNB objected to each and every one of Wolf's discovery requests and never provided any documents to Wolf. (Ex. D). [6] PNB never filed any answer or affirmative defenses. In fact, to this day, PNB has never told either the undersigned or Wolf the reasons that it contends Wolf was terminated from the employ of PNB.

As per the district court's decision in *Esquivel v. Arau*, 913 F. Supp. 1382, 1392 (C.D. Ca. 1996), PNB should not be awarded any fees that would "contribute toward defendants' defense in the present case." Wolf is unable to address PNB's claim for fees with any more specificity because PNB has sanitized most of its time entries. Some of those time entries pre-date the time that the state court lawsuit was filed and presumably pertain to extensive settlement discussions that PNB had with the undersigned before this lawsuit was filed. PNB should not be allowed to recover for such fees. If the Court is inclined to award any fees whatsoever, Wolf should be allowed to view those records.

Finally, it should be note that it appears that PNB's counsel may have played some role in the events that led up to Wolf's termination. As per the allegations of ¶ 43 of Wolf's Amended Complaint, Wolf hired PNB's counsel to represent him in his contract negotiations. PNB's counsel also assisted Wolf with the preparation of a pertinent e-mail sent to PNB's board of directors. Given these facts, there may come a time when PNB's counsel must necessarily serve as a witness in this case and would then cease representation. In that event, any fees that PNB incurred in

---

[5] The FWA is an exception to Florida's at-will doctrine. *White v. Purdue Pharma., Inc.*, 369 F. Supp. 2d 1335 (M.D. Fla. 2005).

[6] As an example, PNB objected to any refused to provide the name of any witnesses whatsoever in response to the Wolf's second interrogatory, which called for the names of individuals with knowledge of the allegations of the Complaint.

connection with the state court proceeding may be of limited value to PNB for reasons having nothing at all to do with Wolf.

### Conclusion

Wolf has waited long enough for the discovery process, and thus his case, to begin. Wolf was terminated in violation of the Florida Whistleblower Act and 12 U.S.C. § 1831j. PNB has been successful in its attempts to delay this matter as long as possible. Wolf acted within his rights when adding a federal claim and should not be penalized for choosing to assert his rights under 12 US.C. § 1831j.

Respectfully submitted,

 /s Gary A. Costales
Gary A. Costales, Esq.
Florida Bar No. 0948829

GARY A. COSTALES, P.A.
1200 Brickell Avenue, Suite 1230
Miami, Florida 33131
(305) 375-9510
(305) 375-9511 (facsimile)
gary@youremploymentattorney.com

### CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s Gary A. Costales

### SERVICE LIST
*Wolf v. Pacific National Bank*

Case No. 09-21531-COOKE/BANDSTRA
United States District Court, Southern District of Florida

| | |
|---|---|
| Gary A. Costales, Esq. | Jeffrey R. Geldens, Esq. |
| gary@youremploymentattorney.com | jgeldens@broadandcassel.com |
| | |
| GARY A. COSTALES, P.A. | BROAD AND CASSEL |
| 1200 Brickell Avenue, Suite 1230 | 2 South Biscayne Blvd., 21st Floor |
| Miami, Florida 33131 | Miami, FL 33131 |
| (305) 375-9510 | (305) 373-9400 |
| (305) 375-9511 (facsimile) | (305) 373-9443 (facsimile) |
| Attorney for Plaintiff | Attorney for Defendant |
| Carl Wolf | Pacific National Bank |
| Notice of Electronic Filing | Notice of Electronic Filing |