UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21531-CIV-MORENO/TORRES

CARL WOLF,

       Plaintiff,

vs.

PACIFIC NATIONAL BANK, N.A.,

       Defendant.
_____/

**REPORT AND RECOMMENDATION ON ATTORNEYS' FEES AND COSTS**

This matter is before the Court upon an Order of Referral from the Honorable Federico Moreno [D.E. 26] to determine whether any attorneys' fees incurred by Defendant Pacific National Bank, N.A. ("Pacific") in defending the initial action filed by Plaintiff Carl Wolf ("Wolf") in Circuit Court, Miami-Dade County, Florida, should be awarded as part of a cost award under Fed. R. Civ. P. 41(d). After considering the parties' memoranda, and the supporting exhibits filed in connection with this matter, the Court recommends that Pacific be awarded $5,332.00 in reasonable attorneys' fees and $190.00 in costs as a condition for reopening this action.

*I. BACKGROUND*

Wolf filed his original lawsuit in state court on October 29, 2008, alleging a wrongful termination claim in violation of the Florida Whistleblower Act, Fla. Stat. § 448.102. An amended complaint was filed eight (8) days later that restated the claim

in two separate counts, both under the Florida Whistleblower Act. After service of the amended complaint, on November 24, 2008, Pacific responded in that proceeding through a motion to dismiss.[1] Following a hearing on the motion held on February 9, 2009, the state court entered an Order dismissing the amended complaint without prejudice because the facts pled in the complaint were unclear as to what Wolf was complaining about, about what the protected activity was, or as to who the parties and actors were in relation to the bank that give rise to liability. [D.E. 25-3].

Wolf then filed on March 3, 2009, a second amended complaint that added additional detail to the original whistleblower allegations to respond to the Court's concerns. Pacific responded to that second amended complaint with another motion to dismiss, filed March 30, 2009, making some of the same arguments as in its original Motion to Dismiss, plus additional arguments why the restated whistleblower claims still failed as a matter of law. The second motion to dismiss was noticed for argument on May 7, 2009. That hearing never took place, however, because earlier that same day Wolf filed a voluntary dismissal without prejudice, thereby terminating the state court action.

Shortly thereafter Wolf re-filed his action against Pacific in federal court, under seal, on May 15, 2009. On May 20, 2009, this Court dismissed that sealed complaint, stating that the Court had never given permission to Wolf to file the matter under seal. Wolf removed the confidential material and filed a second federal action on June 8,

---

[1] Pacific also requested at that time that confidential information be redacted from the original Complaint based on banking privacy regulations, 12 C.F.R. § 563.180. As a result, Wolf prepared and filed a motion to place the original complaint under seal, for which an agreed Order was prepared and entered without hearing.

2009 [D.E. 1], which was transferred back to Judge Moreno's docket under the Court's Local Rules. The re-filed complaint alleged the very same Florida Whistleblower Act violations filed in state court (Counts I and II), plus two counts of alleged violations under the Federal whistleblower provision found in 12 U.S.C. § 1831j (Counts III and IV), as well as the provision found in 31 U.S.C. § 5328 (Counts V and VI).

In response to the Federal Complaint, Pacific moved to dismiss the federal complaint [D.E. 10]. With respect to the Florida whistleblower claims, Pacific essentially reargued many of the points previously raised in response to the second amended complaint Wolf filed in state court. With respect to the new federal whistleblower claims, Pacific added the arguments that the factual allegations were not sufficient or plausible to state a claim under Rule 8, that the complaint's allegations of causation were insufficient, that the allegation of a perceived violation of federal law was not adequately pled, that no remedy exists under 18 U.S.C. § 1831j for a "refusal to provide severance" as alleged in Count IV, and that no claim could be stated under 31 U.S.C. § 5328 as alleged in Counts V and VI because Pacific is not subject to that particular statute under its own terms because it was a financial institution governed by section 1831j.

Pacific also filed the pending motion for attorneys' fees and costs under Fed. R. Civ. P. 41(d) [D.E. 8]. Upon initial review of that motion, Judge Moreno granted the motion on August 10, 2009, in so far as costs were generally due under Rule 41(d) because the Rule encompasses scenarios in which the original action was filed and dismissed in state court. [D.E. 19]. The Court thus closed the case pending disposition of Pacific's motion, ordered supplementation of the record on the amount of costs, and

provided that the case could only be reopened when the costs were paid. Subsequently, the Court ordered briefing on the question whether any attorneys' fees should be included as part of the costs awarded under the Rule [D.E. 23], which issue was then referred to the undersigned Magistrate Judge on November 16, 2009 [D.E. 26].

The parties complied with Judge Moreno's supplementation Order and filed dueling briefs on the question whether any attorneys' fees should be awarded under the Rule. Pacific argued that $21,186.00 in fees, plus $190.03 in costs, should be awarded as a condition for reopening the case. [D.E. 24]. Wolf argued that no attorneys' fees of any kind should be awarded because Wolf's state court proceedings were not pursued in bad faith, all the fees incurred in that action were recyclable in this case, and the state court was dismissed in good faith based on the presence of newly recognized federal claims that could not have been asserted in the state court action. [D.E. 25].

## II.  ANALYSIS

### A.  *<u>Entitlement to Award of Attorneys' Fees under Rule 41</u>*

Federal Rule of Civil Procedure 41 provides that:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).

Courts in this Circuit have previously found that discretion exists under Rule 41(d) to award attorneys' fees and costs where the original action was filed and

dismissed in state court, only to be refiled at a later date in federal court. *E.g., Shaker Village Condo. Ass'n v. Certain Underwriters at Lloyd's,* 2009 WL 2835185 (S.D. Fla. Sept. 1, 2009); *Cadle Co. v. Beury*, 242 F.R.D. 695 (S.D. Ga. 2007). Although the Rule on its face only uses the term "costs," and not "fees," it is reasonable to construe the Rule to include recovery of attorneys' fees given the definition of "costs" in other Rules that make a distinction between costs and "costs other than attorneys' fees." *Cadle Co.*, 242 F.R.D. at 697; *see, e.g., Groom v. Bank of America,* No. 08-cv-2567-T-27EAJ (D.E. 129) (M.D. Fla. Feb. 22, 2010) ("This Court agrees with the Magistrate Judge that attorneys' fees are taxable as a "cost" under Rule 41(d). Rule 54(d) expressly defines costs to include attorneys' fees.").

Some courts have taken a narrower approach that costs include attorneys' fees only if necessary to deter vexatious and repetitive litigation or where the plaintiff has refiled the same previously dismissed suit in bad faith. *See, e.g., Wishneski v. Old Republic Ins. Co.*, 2006 WL 4764424, at *4 (M.D. Fla. 2006) (declining to award attorneys' fees as costs under Rule 41(d) where there was no a complete absence of any "showing of bad faith or vexatious conduct", and where "no discovery had taken place in the case previously filed and dismissed . . . nor had there been any substantial motion practice in the case"); *see also Adams v. New York State Educ. Dep't,* 630 F. Supp. 2d 333, 343-44 (S.D.N.Y. 2009); *Oteng v. Golden Star Res., Ltd.,* 615 F. Supp. 2d 1228, 1240 (D. Colo. 2009); *Esquivel v. Arau,* 913 F. Supp. 1382, 1388 (C.D. Cal. 1996); *Behrle v. Olshansky,* 139 F.R.D. 370, 375 (W.D. Ark. 1991).

Similarly, the Seventh Circuit takes the view that costs include attorneys' fees under Rule 41(d) only when the substantive statute that formed the basis of the original claim allows for the recovery of fees as costs, based upon how costs are treated for purposes of the Offer of Judgment rule, Rule 68. *See Esposito v. Piatrowski,* 223 F.3d 497, 501 (7th Cir. 2000) (citing *Marek v. Chesny,* 473 U.S. 1, 11-12 (1985)).

The Sixth Circuit, however, has followed a strict approach that costs, solely under Rule 41(d), never include attorneys' fees because the drafters of the Rule purposely limited its scope to costs, and never made any reference to attorneys' fees. *See Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 874 (6th Cir. 2000).

The Eleventh Circuit has not been asked to decide this particular question. As a consequence, Wolf, in opposition to the motion at issue here, argues that we do not have discretion to award fees as part of costs, or if we do we are limited to cases where vexatiousness and bad faith are shown – factors that are absent here according to Wolf.

Based upon our review of the state of the law on this issue, we need not decide definitively which approach is required under Rule 41(d). We only conclude that the strict approach followed by the Sixth Circuit, which has not been adopted or followed in any other Circuit tackling this issue, is not the law, nor likely would be, in the Eleventh Circuit. At the very least, our circuit would at minimum follow the conservative view taken by the Seventh Circuit that costs, for purposes of Rule 41(d), applies to costs as understood under Rule 68. Thus, if the original action included a substantive claim that included the entitlement to attorneys' fees, then attorneys' fees for purposes of an award of costs under Rule 41(d) may be included in such an award.

In this case, Wolf's original state court action sought relief under Florida's Whistleblower Act, Fla. Stat. § 448.101, et seq. Section 448.104 of the Whisteblower Act expressly provides that attorneys' fees may be awarded to a prevailing party under the Act. Therefore, consistent with the definition of "costs" for purposes of Rule 68, we readily conclude that "costs" in this case, for purposes of Rule 41(d), must include include attorneys' fees. Hence, we may award attorneys' fees under Rule 41(d) assuming a sufficient showing has been made why fees should be awarded under the circumstances involved. We also need not find that vexatiousness or bad faith must be found in the record, although the absence of such factors may certainly cut against an award in the case.

Accordingly, we can consider the customary factors courts have analyzed under Rule 41(d) in determining the appropriate amount of fees to award. Those factors include: (1) the costs incurred by the moving party on dispositive motions; (2) the preclusive effect of the moving party's successes in state court, if any, on matters both dispositive and non-dispositive, that may have been eliminated by the non-moving party's non-suit; and (3) the expense of relitigating issues that might be mitigated by recyclable legal work from the original case in state court. *Cadle Co.*, 242 F.R.D. at 700. Other factors that have been cited as relevant to this type of analysis is the amount of time the previous case was litigated before dismissal and the relative evidence of "bad faith" or "abuse of the judicial process." *Fin. Bus. Equip. Solutions, Inc. v. Quality Data Sys., Inc.*, 2009 WL 1423931, at *2 (S.D. Fla. 2009) (citing *Pafumi v. Davidson*, 2008 WL 4084418 (S.D. Fla. 2008)).

In addition, for any fee determination, the Eleventh Circuit has adopted the lodestar method for arriving at a reasonable fee award. The lodestar method consists of determining the reasonable hourly rate and multiplying that number by the number of hours reasonably expended by counsel. *E.g., Norman v. Housing Authority of Montgomery,* 836 F. 2d 1292, 1299 (11th Cir. 1988); *Harbaugh v. Greslin,* 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005).

The Court's review of Pacific's fee application supporting the pending motion shows that much of the legal work reflected in the attorney billing statements submitted for the Court's consideration are clearly "recyclable" and, therefore, not compensable. *Cadle Co.*, 242 F.R.D. at 700. It is well understood that an award of fees for purposes of Rule 41 should not award such fees when the work involved will prove necessary for the ultimate resolution of the second-filed action. *See also Koch v. Hankins,* 8 F.3d 650, 652 (9th Cir. 1993) (a defendant is only entitled to recover, as a condition of dismissal under Rule 41(a)(2), attorneys fees or costs for work which is not useful in continuing litigation between the parties); *McLaughlin v. Cheshire,* 676 F.2d 855, 857 (D.C. Cir. 1982) (same); *Cauley v. v Wilson,* 754 F.2d 769, 773 (7th Cir. 1985) (same); *Zucker v. Katz,* 1990 WL 20171, at *2 (S.D.N.Y. 1990) ("Costs for work product which can be used in a subsequent litigation is not recoverable under Rule 41(d)."); *Simeone v. First Bank Nat'l Ass'n,* 125 F.R.D. 150, 155 (D. Minn. 1989) ("A defendant making a motion for an award of costs pursuant to Rule 41(d) is not entitled to reimbursement for expenses incurred in preparing work product that will be useful in the continuing litigation.").

A fair amount of time was spent by counsel reviewing Wolf's discovery requests, meeting with the client regarding those requests, reviewing documents, preparing the written responses, and conferring with Wolf's counsel regarding those responses. That work appears to have then halted when the federal action was filed and the state court action dismissed. Thus, once the federal case is reopened when the pending issue is resolved, there is really no tangible reason in this record why Pacific's counsel cannot pick up from where they left off with respect to the discovery issues in the case. Given the nature of the case, and the self-described overbroad requests that Pacific received and objected to, the work done to look for responsive documents will likely not be required to the same extent in this federal case, and would at least provide a foundation for any additional discovery work that may be necessary with respect to production of documents. The Court thus finds that the work done to date on discovery on the part of Pacific's counsel can be fully recycled. Hence, no award of fees is required for this aspect of the state court action.

Though Pacific relies on this Court's *Shaker Village* opinion as support for its motion in this regard, that decision supports a far reduced award in this case. As pointed out in that case, the litigation of the case in the state court proceedings was extensive, including a substantial amount of work done to prepare for and conduct a non-binding arbitration. Only after those arbitration proceedings ensued and were continued did the plaintiff dismiss the state court action in favor of a federal action. A substantial amount of work undertaken in the state court action could not be

replicated in a different forum. Thus, a more substantial fee award was entirely appropriate in *Shaker Village*.

Here, on the other hand, the dismissal of the state court action occurred relatively early on in the case, still at the pleading stage and the inception of the discovery phase of the case. Consequently, this case is far more like the Middle District's decision in *Wishneski v. Old Republic Ins. Co.*, 2006 WL 4764424 (M.D. Fla. 2006), where no fees were awarded under Rule 41(d) because "no discovery had taken place in the case previously filed and dismissed . . . nor had there been any substantial motion practice in the case." *Id.* at *4.

Though there has not been substantial motion practice here, there has been some motion practice that presents a more difficult question. There is an argument to be made that all that motion practice in state court has not gone to waste and, hence, does not require an award of fees at this point. The first motion to dismiss filed by Pacific resulted in relief, in the form of an amended complaint that was more detailed and specific. The second motion to dismiss filed in the state action, with respect to the state law claims re-alleged in the amended complaint, has been recycled here to the extent that the pending motion to dismiss the federal complaint restates the same criticisms of the whistleblower allegations that were raised in state court.

As a consequence, Wolf makes a persuasive argument that no award of fees for any of this motion work is necessary under Rule 41(d) because Pacific can still benefit from its lawyers' work on their behalf.

On the other hand, Pacific makes a valid point that given the different pleading requirements of federal practice, work done in the state court action in response to the amended complaint cannot simply be recycled. In other words, based upon the addition of the federal claims and the need to research and argue the point on the state law claims under the federal pleading standard that applies in this proceeding, Pacific cannot simply copy and paste its arguments in the state court motion for the federal motion that was filed on July 1, 2009 [D.E. 10].

To settle the matter, we have carefully reviewed and compared the first motion, the second motion, the federal motion, with the first complaint, the state court amended complaint, and the new complaint filed in this federal action. From this review we conclude that, first, the work done on the first motion to dismiss in the state court action has not been wasted. Had the same type of allegations been filed in federal court, a similar motion to dismiss would have been filed and a similar order dismissing that complaint would likely have been entered, with leave to amend. Hence, there is no prejudice to Pacific from the work done in that respect. The benefits of an amended complaint have also been realized given the more specific allegations in the amended complaint and the complaint filed in the federal action. Accordingly, we find that the work done on the first motion to dismiss need not be awarded under Rule 41.

Second, some of the work done on briefing the second motion to dismiss in the state action has been useful in the preparation of the pending motion to dismiss here. The arguments challenging the re-alleged state law whistleblower claims have been

reargued in response to the federal complaint, for both the federal *and* the state law claims. On the other hand, the motion could not simply be cut and pasted – and indeed was materially changed – given the different pleading standards that apply in federal court. Therefore, a partial award is appropriate for the work done on briefing the second motion to dismiss.

      Third, the work done to prepare for the hearing on the second motion to dismiss is reasonably not duplicable in preparation for any hearing in the federal action. Indeed, there is a strong possibility that there will not be any hearing in the federal action on the motion to dismiss. No such hearing has been requested, and even if requested it is entirely likely that the Court will simply dispose of the motion without a hearing given that pure issues of law are at issue. And because Wolf did not dismiss the state court action until the last moment – right before the scheduled hearing date – Pacific cannot simply replicate or reuse that work. It has likely been wasted. Accordingly, it is entirely appropriate to award those fees incurred for such a hearing that should not have been necessary had Wolf proceeded with his state court forum, or at least had Wolf dismissed the state court action long beforehand. Indeed, given the allegations in the original state court complaint, it is puzzling why the federal claim was not pursued long before the hearing date on the second motion to dismiss. The fact of the matter is that it should have been pursued immediately in response to the dismissal of the first complaint. There is nothing in this record that shows why Wolf had to wait that long to proceed with this federal action.

As a result, we conclude that this record supports a partial award of fees for the briefing on the second motion to dismiss, and an entire award of fees for wasted work done to prepare for a hearing that was cancelled at the last minute.

### B.   *Calculation of Fee and Cost Award*

Having determined that a partial fee award should be included in a cost award under Rule 41, the question is whether the rates and number of hours requested for the categories authorized above are reasonable.

The hourly rates charged for the lawyer who billed for work compensable under this Order, Jeffrey Gelden, are certainly reasonable and appropriate in this legal community. The Court has reviewed Mr. Gelden's background, experience, and work in the case, and concludes therefrom that $240.00 is a reasonable rate for fees billed by Mr. Gelden. The compensable work in the state court action also included the work of a paralegal. Although the Court has discretion to award fees incurred by a paralegal, the rate charged in the application is too high given the type of work involved. The Court will reduce that rate to a more reasonable $100.00 per hour.

With respect to the hours charged, the Court finds that the hours in isolation are reasonable. Work done with respect to the briefing on the second motion to dismiss will be reduced by 50%, however, given the Court's finding above. The work done on the hearing preparation will not be reduced at all. The Court will thus recommend that the Court award Defendant the following fees:

| Biller | Hours | Hourly Rate | Total |
|---|---|---|---|
| Jeffrey Gelden | 33.0 (x 50%) | $240.00 | $3,996.00 |
| Jeffrey Gelden | 3.4 | $240.00 | $ 816.00 |
| Junelle Rodriguez | 5.2 | $100.00 | $ 520.00 |
| | | | **$5,332.00** |

This amount represents a reasonable fee award under Rule 41 given the legal work performed in the state court action that has little value in this second-filed federal action.

In addition, the Court will also award the undisputed **$190.00** in tangible costs incurred by Pacific as a result of the dismissal of the state court action.

### III.  CONCLUSION

Accordingly, based on a thorough review of Pacific's Motion for Attorneys' Fees and Costs **[D.E. 8]**, we hereby **RECOMMEND** the following:

1.  Plaintiff's Motion for Attorneys' Fees and Costs should be GRANTED IN PART AND DENIED IN PART.

2.  Plaintiff Carl Wolf should be ordered to pay applicable attorney's fees and costs to Defendant Pacific National Bank in the total amount of $5,522.00.

3.  The Court should continue the stay currently in place until such time as Plaintiff complies with the Court's fee order.

4.  Pursuant to S.D.Fla.Mag.J.R.4(b), the parties have ten business days from the date of this Report and Recommendation to serve and file written objections, if any,

with the District Judge.  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of any finding in this Report and Recommendation and bar the parties from attacking on appeal the findings contained herein.  *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE** and **SUBMITTED** in Chambers, Miami, Florida this 18th day of March, 2010.

                                                  */s/ Edwin G. Torres*
                                                  EDWIN G. TORRES
                                                  United States Magistrate Judge