UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case Number: **09-21531-CIV-MORENO**

CARL WOLF,

    Plaintiff,

vs.

PACIFIC NATIONAL BANK N.A., d/b/a Pacific National Bank,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION TO DISMISS

THE MATTER was referred to the Honorable Edwin G. Torres, United States Magistrate Judge for a Report and Recommendation on Defendant's Motion to Dismiss (**D.E. No. 10**). The Magistrate Judge filed his Report and Recommendations (**D.E. No. 49**) on **December 28, 2010**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendations present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Edwin G. Torres's Report and Recommendations (**D.E. No. 49**) on **December 28, 2010** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that:

(1)     Defendant's Motion to Dismiss is GRANTED in its entirety.

(2)     Counts I and II include claims pursuant to the Florida Whistleblower Act. Under this Act, Wolf must have: (1) "disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing" after Wolf "in writing, brought the activity, policy, or practice to the attention of a supervisor or [Pacific]" and "afforded the employer a reasonable opportunity to correct the activity, policy, or practice;" (2) "provided information to, or testified before, any appropriate governmental agency, person,

or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation" by Pacific; or (3) "objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102 (2007). This Court agrees with Judge Torres that the Complaint contains no allegations as to an enacted law, statute, ordinance, regulation, or administrative rule that was allegedly violated *by Pacific* and for which Plaintiff was trying to blow the whistle, to his detriment. Furthermore, to the extent Plaintiff basis his claims on the Consent Order entered into with the OCC, this Court agrees that it is not a "law, rule, or regulation" as required by statute. Lastly, this Court agrees with Judge Torres that Counts I and II should be dismissed because Plaintiff failed to allege retaliation by *his employer* due to his objection or refusal to participate in *his employer's* violation.

(3)     In order to bring his federal whistleblower claims under 12 U.S.C. § 1831j, contained in Counts III and IV, Plaintiff must have alleged that a) he was an employee of an insured depository institution b) who was discharged for reporting a possible violation of any law or regulation c) to a Federal banking agency, and d) that the possible violation was by the institution. Similar to Counts I and II, Judge Torres found that Plaintiff did not meet these requirements because his allegations indicate that (1) he was concerned with the operations and views of entities *other* than Pacific National Bank ("Pacific"), his employer, and (2) that he failed to report to a federal banking agency (3) about the possible violation of a law, rule, or regulation. This Court agrees. Specifically, this Court notes Plaintiff's failure to report to a federal banking agency as provided in § 1831j. During his oral argument, Plaintiff's counsel claimed that his client had reported violations to the Financial Crimes Enforcement Network, or FinCEN. Simply put, this is insufficient to invoke federal protections under § 1831j. In *Lippert v. Community Bank, Inc.*, the Eleventh Circuit found that "the plain language of the statute sets out the particular recipients of the employee's disclosure, in order for the employee to be protected from retaliation." 438 F.3d 1275, 1281 (11th Cir. 2006); *see also Schwyzer v. Fid. Trust Co. Int'l*, No. 04 Civ. 7975(RCC), 2008 WL 3539971,

at *2 (S.D.N.Y Aug. 7, 2008) (Noting that "Congress defined 'federal banking agency' in this statute as 'the [Federal Deposit Insurance] Corporation, the Board of Governors of the Federal Reserve System, the Federal Housing Finance Board, the Comptroller of the Currency, and the Director of the Office of Thrift Supervision'" and granting the defendant's motion to dismiss because the plaintiff "[did] not allege that he provided any information to any of the Federal Banking agencies defined in 12 U.S.C. § 1831j" and that allowing him to proceed would be to "add words to the statute so as to provide protection for those who attempt to report misconduct to a Federal Banking agency indirectly" (citations omitted)). FinCEN is not one of the statutorily provided for agencies. Furthermore, this Court agrees with Judge Torres that Plaintiff cannot rely on his email to support a claim under § 1831j. *See Lippert*, 438 F.3d at 1280 ("internal reports are not protected disclosures under § 1831j(a)(1)"); *see also Hill v. Mr. Money Finance Co.*, Nos. 07-3908, 07-3908, 2009 WL 279086, at *10-11 (6th Cir. Feb. 6, 2009).

(4)  Counts V and VI, containing claims under 31 U.S.C. 5328(e), should be dismissed because this statute does not apply "with respect to any financial institution . . . which is subject to Section 33 of the Federal Deposit Insurance Act." This Court agrees with Judge Torres that Counts V and VI should be dismissed because Pacific is an "insured depository institution," as it is an FDIC member.

(5)  This case is CLOSED and all pending motions are DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of February, 2011.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
United States Magistrate Judge Edwin G. Torres
Counsel of Record